FILED

Tyesha Jackson Wise
815 N. LaBrea Avenue #83
Inglewood, CA 90302
(323) 306-4965
Tjacksonwise@icloud.com

2022 FEB -9 PM 4: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LACV-22-911 RA-Ex

TYESHA JACKSON WISE,                    COMPLAINT FOR DAMAGES;

              Plaintiff,

vs.

CMRE FINANCIAL SERVICES, INC.; AND
LEXISNEXIS RISK DATA MANAGEMENT, LLC;
DOES 1-10,

              Defendant

1. UNLAWFUL COLLECTION PRACTICES
   (FAIR DEBT COLLECTION PRACTICES
   ACT, 15 U.S. CODE § 1692 ET SEQ))
2. UNLAWFUL COLLECTION PRACTICES
   (CALIFORNIA ROSENTHAL FAIR DEBT
   COLLECTION PRACTICES ACT: CAL. CIV.
   CODE §§1788 ET SEQ)
3. DEFAMATION

Plaintiff, Tyesha Jackson Wise, alleges the following:

**INTRODUCTION**

1. The violation giving rise to this complaint arise from Defendant CMRE FINANCIAL SERVICES, INC.,

   LEXISNEXIS RISK DATA MANAGEMENT, LLC and DOES 1-10's (Collectively "DEFENDANTS")

   subsequent and continuous efforts to collect an alleged debt.

2. The Federal and California legislatures have determined that the banking and credit system and grantors of

   credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive

   collection practices undermine the public confidence that is essential to the continued functioning of the

   banking and credit system and sound extensions of credit to consumers. The Legislatures have further

   determined that there is a need to ensure debt collectors exercise this responsibility with fairness, honesty

   and due regard for the debtor's rights, and that debt collectors must be prohibited from engaging in unfair

   or deceptive acts or practices.

3. TYESHA JACKSON WISE (hereinafter "Plaintiff"), brings this action to challenge the actions of Defendant(s) with regard to attempts by Defendant(s), a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Complaint for Damages, unless otherwise stated, "Defendant(s)" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, sureties, trustees, subrogees, representatives and insurers of Defendant(s) named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S. Code § 1331 and 15 U.S. Code § 1692k(d), FCRA, 15 U.S. Code § 1681(p), and 28 U.S. Code § 1367 and the California Consumer Credit Reporting Agencies Act (CC §§1785.1-1785.36) for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Fair Debt Collection Practices Act, 15 U.S. Code §1692, et seq, ("FDCPA"), Rosenthal Fair Debt Collection Practices Act, and the California Civil Code §§ 1788-1788.32 (RFDCPA) and the California Credit Reporting Agencies Act (CC§§1785.1-1785.36).

7. The FDCPA was created because,

"There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasion of individual privacy." 15 U.S. Code §1692.

8. The purpose of the FDCPA is,

"to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S. Code §1692.

9. The RFDCPA was enacted by the California Legislature, "to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." Cal. Civ. Code § 1788.1(b)

10. Penalties provided for under RFDCPA "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." Cal. Civ. Code § 1788.32

11. RFDCPA, at § 1788.17, holds that a violation of the FDCPA is also a violation of the RFDCPA.

12. RFDCPA, at § 1788.17, holds that every debt collector collecting or attempting to collect a consumer debt shall be subject to the remedies in Section 1692k of Title 15 of the United States Code.

13. Defendants violated § 1788.17 of the RFDCPA by repeatedly failing to comply with the statutory regulations contained within the FDCPA, 15 U.S. Code § 1692 et seq.

14. Because Defendants, and each of them, conduct business within the State of California, and because Plaintiff's claims arise from acts of the Defendants perpetrated therein, personal jurisdiction is established.

15. Venue is proper pursuant to 28 U.S. Code § 1391, and because Defendants, and each of them, conduct business within the State of California, and because Plaintiff's claims arise from acts of the Defendants perpetrated therein.

**PRELIMINARY STATEMENT**

16. Plaintiff is a natural person and is a resident of Los Angeles County, the State of California and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S. Code § 1692a(3).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as defined by California Civil Code § 1788.2(h) and 15 U.S. Code § 1692(a)(3).

18. Plaintiff is informed and believes, and thereon alleges, that Defendant(s) CMRE FINANCIAL SERVICES, INC.,and LEXISNEXIS RISK DATA MANAGEMENT, LLC are companies operating in California and subject to the jurisdiction of the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants CMRE FINANCIAL SERVICES, INC., and LEXISNEXIS RISK DATA MANAGEMENT, LLC, regularly conduct business is California and are therefore subject to jurisdiction under Cal. Civ. Code § 410.0 et seq.

20. Plaintiff is informed and believes, and thereon allege, that Defendants, and each of them, are entities who use an instrumentality of interstate commerce or the mails in any business, the principal purpose of which

is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is a "debt collector" as that term is defined by 15 U.S. Code § 1692a(6).

21. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, are not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(c).

22. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, servant, and/or employee of each of the other Defendants and was at all times herein mentioned acting within the scope of said agency and/or employment.

23. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendants, and each of them, acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers.

24. The true names and capacities of the Defendants, DOES 1 through 10, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and therefore alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the plaintiff as herein alleged.

25. This litigation involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

26. Defendant, CMRE FINANCIAL SERVICES, INC., mailed a letter to Plaintiff's place of abode dated March 18, 2021 alleging a debt of $30.24 was due and owing.

27. Plaintiff mailed letter to Defendant, CMRE FINANCIAL SERVICES, INC., dated April 14, 2021 inquiring about the alleged debt and alleged relationship between Plaintiff and Defendant.

28. Defendant CMRE FINANCIAL SERVICES, INC., mailed a computer-generated statement dated April 23, 2021 to Plaintiff's place of abode which included 'principal amount' and 'interest.' Defendant also included documents labeled 'UCLA Health' which listed 'Procedure Code(s), Description(s) and Amount(s).

29. Plaintiff filed a complaint against Defendant, CMRE FINANCIAL SERVICES, INC., with the Consumer Financial Protection Bureau (CFPB) on June 29, 2021.

30. Defendant's CMRE FINANCIAL SERVICES, INC., response to Plaintiff's CFPB complaint on July 14, 2021 was:

"CMRE Financial Services, Inc. has reviewed this matter and appreciates the opportunity to provide a response. Our office sent the consumer verification of the debt in April 2021 after receiving the consumer's written correspondence that same month. The accounts have never been furnished to the credit bureaus. In May 2021, our client requested we cancel the accounts in our office. We closed the accounts and returned them to our client's office. The consumer will receive no further communication from our office for these accounts. If the consumer needs any additional information, we can be reached at (800) 783-9118 Monday through Friday 7:00 am to 5:30 pm PST."

31. Defendant CMRE FINANCIAL SERVICES, INC., mailed another letter to Plaintiff dated September 16, 2021 alleging a debt of $30.24 was due and owing.

32. Plaintiff mailed a "Lawful Notice of Dispute" dated September 22, 2021 to Defendant CMRE FINANCIAL SERVICES, INC. Defendant CMRE FINANCIAL SERVICES, INC., failed to respond to Plaintiff's "Lawful Notice of Dispute."

33. Plaintiff mailed a "Notice of Intent to File a Lawsuit" to Defendant's registered agent, Cogency Global Inc., on December 13, 2021.

34. Plaintiff filed another CFPB complaint against Defendant CMRE FINANCIAL SERVICES, INC., on December 13, 2021. Defendant CMRE FINANCIAL SERVICES, INC., contacted Plaintiff after Defendant provided a written response to the CFPB on July 14, 2021:

"The consumer will receive no further communication from our office for these accounts."

35. Defendant CMRE FINANCIAL SERVICES, INC., mailed (3) three computer-generated statements dated December 17, 2021 indicating "Account is cancelled."

36. On January 18, 2022, Plaintiff called Defendant CMRE FINANCIAL SERVICES, INC., and left a message for the supervisor. Defendant CMRE FINANCIAL SERVICES, INC., employee "Pat" returned the Plaintiff's call and alleged the call was an attempt to collect a debt and the alleged debt in question was due and owing.

37. Defendant CMRE FINANCIAL SERVICES, INC., inquired about my personal information and creditworthiness with Defendant LEXISNEXIS RISK DATA MANAGEMENT, LLC. Defendant CMRE FINANCIAL SERVICES, INC., did not have a permissible purpose to obtain Plaintiff's personal information.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S. CODE § 1692(e)(8) ET SEQ. AGAINST ALL DEFENDANTS

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. As a result of each and every one of Defendant's violation of the FDCPA, Plaintiff has suffered financial, psychological and emotional damage and distress, in the amount subject to proof at trial.

40. As a result of each and every one of the Defendants' violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S. Code § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S. Code § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S. Code § 1692k(a)(3) from Defendant.

## COUNT II

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT §§ 1788-1788.32

(RFDCPA) AGAINST ALL DEFENDANTS

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA.

43. As a result of Defendant's violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

44. Rosenthal FDCPA remedies are not exclusive, but "are intended to be cumulative and are in addition to any other procedures, rights, or remedies under any other provision of law." (Cal. Civ. Code § 1788.32.)

## COUNT III

VIOLATION OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 et seq.

AGAINST ALL DEFENDANTS

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the UCL and these violations constitute unfair business practices and offend public policy and are substantially injurious to Plaintiff and other consumers.

47. The foregoing acts and omissions of Defendant have no utility that outweighs their substantial harm.

48. The foregoing acts and omissions of Defendant present a continuous threat to members of the general public in that Defendant is currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

49. Pursuant to the California Business and Professions Code §§ 17203, Plaintiff seeks an order enjoining Defendant from engaging in such acts and practices as hereinabove alleged, and ordering that Defendant disgorge all ill-gotten gains and provide appropriate restitution to Plaintiff.

50. Plaintiff seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecution of this action pursuant to the California Code of Civil Procedure § 1021.1.

## COUNT IV

### DEFAMATION AGAINST ALL DEFENDANTS

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. All of the violations of Defendant, and all of them, were willful, malicious and outrageous.

53. Defendants published unprivileged false statements of fact about Plaintiff, which had and have a natural tendency to cause injury, and which did, in fact, cause injury to Plaintiff.

54. Defendants owed Plaintiff a duty of reasonable care.

55. Defendant's conduct in publishing these false statements was negligent.

56. Plaintiff is not a public figure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for:

## FAIR DEBT COLLECTION PRACTICES ACT

1. An award of actual damages pursuant to 15 U.S. Code § 1692k(a)(1) in an amount to be adduced at trial, from Defendants;

2. An award of statutory damages of $1,000, pursuant to 15 U.S. Code § 1692(k), from Defendants;

3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S. Code § 1692k(a)(3) from Defendants;

4. That all awards be joint and several; and

5. Any and all further relief as the Court may deem just and proper.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

1. An award of statutory damages of $1,000, pursuant to California Civil Code § 1788.30(b), from Defendants;

2. An award of statutory damages of $1,000, pursuant to 15 U.S. Code § 1692(k), from Defendants;

3. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendants;

4. That all awards be joint and several; and

5. Any other and further relief as the Court may deem just and proper.

### CALIFORNIA BUSINESS AND PROFESSIONS CODE

1. An award of actual damages from Defendants;

2. Injunctive relief, restitution, and/or disgorgement of ill-gotten gains;

3. Pre-judgment interest to the extent permitted by law;

4. That all awards be joint and several;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to California Code of Civil Procedure § 1021.1, from Defendants; and

6. Any other and further relief as the Court may deem just and proper.

### DEFAMATION

1. An award of general damages, in an amount to be proven at trial, but in excess of $75,000, from Defendants;

2. An award of special damages, in an amount to be proven at trial, but in excess of $75,000, from Defendants;

3. Punitive damages from Defendants;

4. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S. Code §1681(n)(a)(3) from Defendants;

5. That all awards be joint and several; and

6. Any other and further relief as the Court may deem appropriate.

Respectfully submitted,

DATED: February 8, 2022

TYESHA JACKSON WISE, IN PROPER

JACKSON WISE V. CMRE FINANCIAL SERVICES, INC.,ET AL
COMPLAINT FOR DAMAGES
PAGE 10 OF 10